UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE REYES,
on behalf of himself and all others
similarly situated,

**COMPLAINT**

Plaintiff,

**FLSA COLLECTIVE**

- against -

EL JOBITO SEAFOOD
RESTAURANT INC., d/b/a EL JOBITO
RESTAURANT and JUAN ARIAS,
individually,

Defendants.
------------------------------------------------------------------X

Plaintiff Jose Reyes (hereinafter referred to as "Reyes" or "Plaintiff"), on behalf of himself and all other similarly situated current and former cooks and restaurant workers, by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of El Jobito Seafood Restaurant Inc. d/b/a El Jobito Restaurant ("El Jobito") and Juan Arias ("Arias" or "Defendant Arias"), individually (collectively "Defendants"), alleges the following:

### NATURE OF THE ACTION

1. This is a civil action brought by Plaintiff on behalf of himself and all other similarly situated cooks and restaurant workers (as hereinafter defined) to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

2. Plaintiff and other similarly situated non-exempt workers work or have worked as cooks to cook food items ("Cooks") or restaurant workers to help prepare food, wait tables, clean,

and deliver food ("Restaurant Workers") for El Jobito a company owned and operated by Defendants.

3. Plaintiff brings this action on behalf of himself and all other similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants.

4. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff Jose Reyes**

8. Plaintiff is and was at all times relevant hereto an adult individual residing in Bronx County.

9. Plaintiff worked for Defendants from on or about June 2017 through September 2020.

10. Plaintiff was employed as a Cook.

11. In addition to Plaintiff's responsibilities as a Cook, he was also responsible for cleaning the kitchen.

12. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendant El Jobito Seafood Restaurant Inc.**

13. El Jobito Seafood Restaurant Inc. is a restaurant incorporated in the State of New York, having its principal place of business located at 1579 St. Nicholas Avenue, New York, New York 10040.

14. On information and belief, Defendant Arias is the owner of El Jobito.

15. On information and belief, Defendant Arias maintains control, oversight and direction over El Jobito Seafood Restaurant Inc.

16. At all times relevant to this action, El Jobito was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

17. On information and belief, El Jobito has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Defendant Juan Arias**

18. Arias is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of El Jobito.

19. On information and belief, Arias is the owner of El Jobito.

20. On information and belief, Arias maintains control, oversight and direction over El Jobito.

21. Arias exercises sufficient control over El Jobito to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto Arias had the authority to hire and

fire Plaintiff and established and maintained policies regarding the pay practices at El Jobito.

22. Arias had substantial control over Plaintiff's working conditions and the practices alleged herein.

## STATEMENT OF FACTS

**Plaintiff Jose Reyes's Employment with Defendants**

23. On or about June 2017, Defendant Arias purchased El Jobito.

24. In addition to Plaintiff's responsibilities as a Cook, he was also responsible for cleaning the kitchen.

25. From on or about June 2017 through February 2020, Plaintiff worked Tuesday through Sunday, with Mondays off, each week, from 2:00 p.m. to 11:00 p.m.

26. Plaintiff, though, often stayed until 12:00 a.m. to clean the restaurant.

27. From on or about March 2020 through May 2020, El Jobito was closed due to the COVID-19 pandemic.

28. Upon the restaurant's re-opening, Plaintiff's work schedule was changed.

29. During the first week that El Jobito was opened in June 2020, Plaintiff worked Wednesday through Sunday.

30. Each day, Plaintiff worked from 6:00 a.m. to 10:00 p.m.

31. The following week, Plaintiff worked Wednesday through Sunday.

32. That week, each day Plaintiff worked from 4:00 p.m. to 12:00 a.m.

33. The following week, and subsequently until being terminated, Plaintiff worked 5 days a week.

34. Each day, Plaintiff worked from 3:00 p.m. to 12:00 a.m.

4

35. On or about the end of September 2020, Defendants informed Plaintiff that they would be cutting the hours that the restaurant will be open and that, as a result, Plaintiff's shift would be eliminated.

36. Throughout Plaintiff's employment with Defendants, Plaintiff did not receive any meal breaks.

37. Plaintiff was not required to clock in or clock out at the beginning and end of his shift.

38. Throughout the vast majority of his employment with Defendants, Plaintiff worked more than 40 hours each week.

39. Plaintiff was not compensated at the appropriate overtime rate of pay for workweeks in which he worked more than 40 hours.

40. Throughout Plaintiff's employment, Plaintiff was paid in currency (cash).

41. Throughout Plaintiff's employment, Plaintiff was paid weekly.

42. From on or about June 2017 through February 2020, Plaintiff was paid $800 per week.

43. From on or about June 2020, Defendants paid Plaintiff $700 per week.

44. When Plaintiff was paid by Defendants, Defendants did not provide Plaintiff with a notation or any other documentation of his hours worked during that pay period or his rate of pay.

45. Defendants never provided Plaintiff with a notation or any other documentation of the hours he worked.

**Defendants' Violations of the Wage Theft Protection Act**

46. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

47. Throughout the relevant time period, Defendants paid Plaintiff without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

48. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## COLLECTIVE ACTION ALLEGATIONS

49. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated persons who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

50. The FLSA Collective consists of approximately 30 similarly situated current and former Cooks and Restaurant Workers of El Jobito who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia,* willfully denying them overtime wages.

51. As part of their regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy includes, *inter alia*, the following:

      i.      failing to pay employees the applicable overtime rate for all time worked in excess of 40 hours per week;

      ii.     failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

52. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

53. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

54. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any work week, unless they are exempt from coverage.

55. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any work week. The exact accounting of such discrepancy can only be determined upon completion of discovery.

56. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including

tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**Unpaid Overtime Wages in Violation of the Fair Labor Standards Act**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

57. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

59. Plaintiff and the FLSA Collective worked in excess of 40 hours during some work weeks in the relevant period.

60. Defendants willfully failed to pay Plaintiff and the FLSA Collective the appropriate overtime premiums for all hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

61. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

62. Because Defendants' violations of the FLSA was willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

63. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective were deprived of overtime compensation in amounts to be determined at trial, and are

entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**SECOND CAUSE OF ACTION**
**Unpaid Overtime Wages in Violation of New York Labor Law**
**(Brought on behalf of Plaintiff)**

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §652 and 12 NYCRR §142-2.2.

66. Defendants failed to pay Plaintiff the overtime premium of one and one-half times the regular hourly rate of pay for all of his overtime hours worked, in violation of the NYLL.

67. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per work week, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

68. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**Failure to Provide Annual Wage Notices in Violation of New York Labor Law**
**(Brought on behalf of Plaintiff)**

69. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his

primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

71. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

72. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### FOURTH CAUSE OF ACTION
### Failure to Provide Wage Statements in Violation of New York Labor Law
### (Brought on behalf of Plaintiff)

73. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

74. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of

employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

75. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

76. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the entry of an order and judgment against Defendants El Jobito Seafood Restaurant Inc. and Juan Arias, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(c) Damages for the unpaid overtime wages due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(d) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, § 195;

(e) Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(f) Statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(g) For pre-judgment and post-judgment interest on the foregoing amounts;

(h) For the costs and disbursements of the action, including attorney's fees; and,

(i) For such other further and different relief as the Court deems just and proper.

Dated: October 22, 2020
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By: */s/ Jacob Aronauer*
Jacob Aronauer, Esq.
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com