IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE REYES,<br><br>            Plaintiff,<br><br>-against-<br><br>EL JOBITO SEAFOOD RESTAURANT INC. d/b/a EL JOBITO RESTAURANT and JUAN ARIAS, individually<br><br>            Defendants. | No. 20-cv-8816 (alc) |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT

Defendants El Jobito Seafood Restaurant Inc. d/b/a El Jobito Restaurant and Juan Arias (collectively, "Defendants") submit this memorandum of law in opposition to plaintiff Jose Reyes' ("Plaintiff") motion for a default judgment.

## PRELIMINARY STATEMENT

Federal Rule of Civil Procedure Rule 55 provides a mechanism for parties to take a default judgment against a non-appearing party to a litigation. Here though it can be argued that this non-appearance was caused more by ignorance than willfulness. Indeed, the accounts of both Plaintiff's counsel and defendant Juan Arias, appear to suggest that there were attempts made by said defendant to engage the Plaintiff in conversation regarding this action in a outside of court. Putting aside whether that was the proper forum for those communications, they evidence a desire by Mr. Arias to attempt to address, if not resolve this matter.

Equally important, Defendants have since retained counsel to represent them in this matter and have drafted an answer. Thus, Plaintiff's motion for default should be denied.

## RELEVANT PROCEDURAL HISTORY

Plaintiff commenced this action on October 22, 2020. Aronauer Declaration ¶ 3.

Defendants were served with the lawsuit on October 28 and 29, however, since Mr. Arias does not speak much English, he did not understand what the documents were about. Arias Affidavit ¶ 4-5.

Plaintiff's lawyer suggests that sometime in November 2020 he also received a call from an attorney claiming to speak for the Defendants. Aronauer Declaration ¶ 4.

Mr. Arias asserts that not only was he unfamiliar with the legal process but that he also had little money to represent himself. However, upon realizing that the documents related to the Plaintiff, Mr. Arias contacted the Plaintiff directly to discuss the matter. Arias Affidavit ¶ 8-9.

Plaintiff's counsel corroborates this by suggesting that in March 2021 defendant Arias reached out to his client and that he evens spoke to the Defendants in a short-lived conversation regarding settlement. Aronauer Declaration ¶ 8.

In April of 2021 after being served with an Order to Show Cause it finally dawned on Mr. Arias that this was a legal proceeding and that if he did not respond a default would be taken against him. Arias Affidavit ¶ 14-15.

Thereafter, Mr. Arias gathered whatever money he did have, hired an attorney, and commenced a defense to this action. Arias Affidavit ¶ 13.

## LEGAL ARGUMENT

### I. PLAINTIFF'S APPLICATION FOR A DEFAULT JUDGMENT AGAINST THE DEFENDANTS SHOULD BE DENIED

Federal Rule of Civil Procedure 55 allows a Court to enter judgment "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." However, an entry of default judgment is an

extreme remedy that should only be made "where there is willful default, such that the failure to answer was more than mere negligence or carelessness." *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02 Civ. 9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003) (citing *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998))

Courts in this circuit have considered three factors when determining whether the entry of default judgment is warranted, namely: (1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment. U.S. v. DiPaolo, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006)

Here it is evident that Defendant's conduct was based more on ignorance (i.e. does not speak English and is not aware of the legal process in the United States) than it was on his intent to evade the litigation. Indeed, by the Plaintiff's own account, defendant Arias contacted the Plaintiff and his attorney wherein a brief conversation ensued, and settlement was discussed. If it were his desire to avoid this matter altogether no such conversations would have ensued. Moreover, even Mr. Arias' indication that he lacked the money to get an attorney demonstrate an ignorance of a legal system that would let him appear pro se in his own defense. Thus, Defendants actions leading up to this point have not been willful.

Secondly, and with respect to the requirement regarding a meritorious defense, Defendants have submitted an answer to Plaintiff's complaint. Even if there are certain statutory requirements that a defendant may not be able to defend, it is not uncommon for FLSA plaintiffs to have a different recollection or hours worked and wages owed than their employers. These discrepancies are often borne out in discovery and often lead to recollections and settlements for amounts much less than what is alleged in the complaint.

Finally, there is almost no prejudice to against the Plaintiff in this action. Indeed, this case is only a few months old and has not really gotten started. Thus, Plaintiff's counsel has not been forced to expend much in way of litigation expenses. Lastly to the extent that this delay has allowed the Defendants' business to start recovering from the severe economic downturns caused by the pandemic, one can argue that the delay has actually benefit Plaintiff to the extent that there may now be funds for a potential settlement that were not available or on the horizon six months ago.

## CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court deny plaintiff's application.

Dated: New York, New York
May 10, 2021

Respectfully submitted,

_____
Martin E. Restituyo, Esq.
Law Offices of Martin E. Restituyo
1325 Ave of the Americas, 28th Fl.
New York, NY 10019

*Attorney for Defendants*