The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

May 16, 2021

**Via ECF**
Hon. Andrew L. Carter
40 Foley Square, Room 435
New York, NY 10007

Re:   Reyes v. El Jobito Seafood Restaurant Inc. et al.
      20-cv-8816 (ALC)

Dear Judge Carter:

This office represents Plaintiff in the above captioned matter. Please accept this letter reply in response to Defendants' opposition to Plaintiff's motion for a default judgment.

Defendants acknowledge that they were aware of the lawsuit but failed to retain counsel. *See* ¶¶ 8,12 of Defendant Juan Arias' declaration ("Arias' Decl."). It also appears, based upon the reply declaration of Jacob Aronauer that Defendants considered retaining counsel after the lawsuit was filed. *See* ¶¶ 3-5 of Aronauer Reply Declaration. Defendants, though, elected not to retain counsel until after Plaintiff spent the time and energy to file their motion for a default judgment. Thus, Defendants' failure to retain counsel was willful.

Courts have previously "interpreted 'willfulness,' in the context of a default, to refer to conduct that is more than merely negligent or careless," but is instead "egregious and…not satisfactorily explained." *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2nd Cir. 2015) *citing SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1989).

Here, there is no dispute that Defendants were aware of the lawsuit against him but failed to file a responsive pleading for nearly six months and, more significantly, not until after Plaintiff moved for a default judgment. *See Trs. Of the N.Y. City Dist. Council of Carpenters Pension Fund v. Abalene Decorating, Inc.*, 2021 U.S. Dist. LEXIS 71332, at * 5 (S.D.N.Y. April 13, 2021) (noting that it is sufficient to conclude (with respect to 'willfulness') that the defendant defaulted deliberately).

With respect to the second factor, to provide a meritorious defense the defendant does not have to establish their defense "conclusively" but they have to present evidence of facts that, if proven at trial, would constitute a complete defense. *See McNulty*, 137 F. 3d at 740; *see also Am. Alliance Ins. v. Eagle Incs. Co.*, 92 F.3d 57, 61 (2d Ci. 1996) *citing*

*Anilina Fabrique de Colorants v. Aakash Chemicals and Syestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir. 1988) ("a defense is meritorious if it is good at law so as to give the factfinder some determination to make.").

    Here, Defendants have not given the Court any reason to believe that they would be successful at trial. They have not provided time records showing that Plaintiff worked less than 40 hours a week, the 195(1) hire form, or wage statements reflecting that Plaintiff was paid in compliance with the Fair Labor Standards Act and the New York Labor Law.

    The only "defense" that Mr. Arias provided was in paragraph 16 of his declaration which stated "I do not agree with the claims that Mr. Reyes is making. I do not owe him any money, let alone the hundreds of thousands of dollars that he is claiming." *See* ¶ 16 of Arias Decl. The mere defense of 'I didn't do it' is insufficient.

    Finally, Plaintiff will be prejudiced by setting aside the defaults because the restaurant service industry is in a precarious state. The longer this matter proceeds, the less likely that Plaintiff will retain a recovery.

    Finally, in the event that the Court denies Plaintiff's motion for a default judgment, we request that Defendants provide a $10,000 bond. Based upon this history, it appears that Defendants will continue to engage in tactics to prevent this case from moving forward.

    Respectfully,

    */s Jacob Aronauer*
    Jacob Aronauer
    *Attorney for Plaintiff*

**Via ECF**
*All attorneys on record*