The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

January 30, 2022

**Via ECF**
Hon. Andrew L. Carter Jr.
United States District Court of New York
40 Foley Square, Room 435
New York, New York 10007

      Re:   *Reyes v. El Jobito Seafood Restaurant Inc. et al*
            1:20-CV-08816-ALC-KHP

Dear Judge Carter:

      This letter is respectfully submitted on behalf of all parties in the above-captioned matter, seeking the Court's approval of the settlement reached between the parties, per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015), as Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

      The parties have memorialized and executed a settlement agreement which will discontinue the above-captioned case, with prejudice, in exchange for a payment by the defendants El Jobito Seafood Restaurant Inc., d/b/a El Jobito Restaurant and Juan Arias (collectively, "Defendants") to the plaintiff Jose Reyes ("Plaintiff") in the amount of $15,000.00 in satisfaction for all claims raised in this action (and in accordance with the terms of the settlement agreement). Pursuant to the terms of the settlement agreement, Plaintiff will receive $9,732.01 and Plaintiff's counsel will retain $5,267.99 in fees.

### Claims and Defenses

      It is submitted that there are a number of factual and legal disputes between the parties which could ultimately impact each party's ability to prevail if this case proceeded to dispositive motion practice or to trial.

      **Plaintiff's Position**

      Plaintiff commenced this action seeking unpaid wages pursuant to the FLSA and NYLL, as well as damages for alleged wage notice and wage statement violations. Plaintiff worked for Defendants from on or about June 2017 through on or about September 2020. Plaintiff believes that he worked from June 2017 through February 2020 approximately 54 hours per week for six days per week, often staying one additional hour each day to clean the restaurant.

From March 2020 through May 2020, the restaurant was closed due to the COVID-19 pandemic. When the restaurant reopened in June 2020, Plaintiff believes that he worked approximately 80 hours that week. The following week, Plaintiff believes that he worked 40 hours. For the subsequent weeks until the end of his employment, Plaintiff believes he worked 45 hours per week, five days per week.

From on or about June 2017 through February 2020, Plaintiff believes he was paid $800 per week. From on or about June 2020 through the end of his employment, Plaintiff believes he was paid $700 per week.

Defendants paid Plaintiff in cash. Plaintiff was not required to clock in or out and to the best of Plaintiff's knowledge Defendants did not have any documentation with respect to the hours worked and the wages earned by Plaintiff.   by Plaintiff.

Plaintiff alleges that Defendants failed to pay him the required overtime wage rates for all hours worked and failed to supply Plaintiff with the notices and wage statements as required under NYLL.

**Defendants' Position**

Defendants deny any wrongdoing and liability, and assert Plaintiff was exempt from overtime. Defendants also deny the willfulness of any alleged violations under the FLSA and NYLL.  *See Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983) ("Employers willfully violate FLSA when (1) they know that their business is subject to FLSA and (2) their practices do not conform to FLSA requirements."). Defendants would seek to prove that they paid Plaintiff for all work performed, that the method(s) of payment were understood and agreed upon by the parties, and all payment practices were in good faith and with the belief that they were not in violation of the FLSA, NYLL, or other associated guidelines.  Plaintiff, on the other hand, would seek to prove that any alleged violations were willful and that any purported intention to comply with the wage and  hour laws was not done pursuant to the letter or spirit of the FLSA and NYLL.

In light of the foregoing disputes and the risks associated therewith, the parties agreed to settle the case to avoid further litigation, motion practice, and trial.

**The Settlement Terms**

Pursuant to the Settlement Agreement, the parties have agreed to the following break-down as to payment of the total $15,000 settlement amount:

- Plaintiff:                                                        $9, 732.01
- Attorneys' fees and expenses:                     $5, 267.99

Defendants will issue payment in one installment.  The payment will be due on February 15, 2022 or seven days after Court approval, whichever date is later,

The parties believe this settlement to be a fair resolution to this litigation, due to the aforementioned disputes about the value of Plaintiff's claims.

## The Settlement Should be Approved

The standard for approval of FLSA settlement is well-established in the Second Circuit. As stated by the court in *Serebryakov v. Golden Touch Transp. of NY. Inc.*, No. 12-3990 (NGG)(RER), 2013 WL 3364393, at *2 (E.D.N.Y. 2013), "[i]n the absence of a certified class, a district court typically considers the following factors to determine whether a settlement of individual FLSA claims is reasonable: (1) the complexity, expense, and likely duration of litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation." Id. at *2 (citations omitted); *see also Diaz v. Scores Holding Co.*, No. 07-8718 (THK), 2011 WL 6399468, at *2 (S.D.N.Y. 2011) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes...Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement") (citations omitted).

Based on the bona fide disputes as to the value and viability of Plaintiff's claims, as well as the inherent risks of trial, the parties respectfully submit that the Settlement Agreement represents a fair and reasonable settlement of Plaintiff's claims in this action.

As set forth above, while Plaintiff believes he would prevail on his claims, he acknowledges that he faces significant risk in establishing liability and damages should this case proceed. Plaintiff is cognizant of the risks and uncertainty of protracted litigation, motion practice, potential appeals, and other factors that might affect his ability to recover on any of the claims asserted in this action.

One of the major issues in this matter was the fact that El Jobito is a small restaurant which, like many small restaurants in NYC, lost a tremendous amount of business due to Covid-19. Indeed, Defendants were threatening to file bankruptcy and as reflected by the record, had ceased paying their attorney. Plaintiff's counsel took a cautious approach to settlement negotiations with the philosophy that "a piece of bread is better than no bread."

It is respectfully submitted that approval of this settlement is warranted because it is the product of arms-length negotiations between parties represented by knowledgeable and experienced counsel who focus their respective practices on wage and hour litigation. *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 322 (S.D.N.Y. 2012). Throughout the course of those negotiations, the parties shared their respective views on the validity and potential value of the claims, and ultimately reached a deal that both sides felt, given the risks associated with protracted litigation, was a fair compromise.

Settlement at this stage of the case for this amount unquestionably constitutes the most efficient and effective conclusion to this litigation for all parties.

The settlement agreement submitted for approval is in line with the mandates of *Cheeks*. The Agreement does not contain a confidentiality provision; the Agreement only provides for a release of NYLL and FLSA claims up to the date of the signing of the Agreement; and Plaintiff's attorneys' fees will be 33.33% of the total settlement after reimbursement of the filing fee.

Plaintiff's counsel is not seeking to be reimbursed for service on the corporate defendant and the individual defendant.  This enables Plaintiff to recover approximately an additional $120.  The amount Plaintiff's counsel is seeking is in line with 30% to 33.33% in FLSA cases.  *See Santos v EL Tepeyac Butcher Shop, Inc.*, 2015 WL 90712, at * 4 (S.D.N.Y. Dec. 15, 2015).  Courts in this circuit have also held that one-third contingency fee satisfies the broad remedial purposes of the FLSA and the NYLL.  *See Khait v. Whirpool Corp.*, No. 06-6381 (ALC), 2010 WL 2025106 (E.D.N.Y. 2010).

To this end, Plaintiff's counsel represents clients (the present plaintiff included) on a contingency-fee basis, calculated during this case at 33.33% percent.  This was the rate agreed upon by Plaintiff and counsel at the outset via a retainer agreement.  To date, Plaintiff's counsel bore all costs of litigation without compensation of any kind as his fee has been wholly contingent upon the result achieved. It is submitted that attorneys' fees are fair and reasonable.

Plaintiff's attorneys' time and labor warrants the requested fee. Plaintiff's counsel (1) met with Plaintiff to learn relevant facts; (2) drafted and filed the Complaint; (3) regularly communicated with Plaintiff to keep him updated regarding the progress of the case; (4) filed a default judgment motion; (5) prepared damages' calculations; (6) opposed Defendants' counsel request to be removed as counsel to get the case settled; (7) negotiated the settlement; (8) drafted the settlement papers.

As set forth supra, Plaintiff faced a risk of loss based on disputed legal and factual issues.  Moreover, Plaintiff's attorneys took this case pursuant to retainer agreements with Plaintiff that stated that counsel would receive a percentage of the recovery only if Plaintiff obtained a recovery.

Accordingly, Plaintiff's counsel faced a risk of receiving little or no payment for their work depending on the outcome of the underlying claims. Thus, the magnitude, complexities, and risks of the litigation weigh in favor of approving the requested fee.

Plaintiff s counsel have extensive experience representing employees in wage and hour actions. I deal almost exclusively in employment law. I received my J.D. from Suffolk University Law School in 2005 and formed The Law Offices of Jacob Aronauer in 2013. Prior to starting my own practice, I worked at New York law firms, as well as the New York City Mayor's Office of Labor Relations for over four years, where I successfully represented New York agencies.

Plaintiff's attorney fees in this matter are over $8,500.  My hourly rate of $400 was previously approved in *Rossy's Bakery & Coffee Shop, Inc.,* 2021 U.S. Dist. LEXIS 61289, at * 29 (S.D.N.Y. Mar. 30, 2021).  Therefore, Plaintiff is receiving less than the fees he expenses in this matter.  My time records are annexed to the settlement application.

Finally, the FLSA is a remedial statute designed to protect employees from unfair labor practices. 29 U.S.C. $ 202(a). A fair attorneys' fee award that takes into account the services provided and the risks undertaken furthers these remedial purposes. For the reasons set forth about, we respectfully request that the Court approve the attorneys' fees and costs set forth in the settlement agreement.

## Conclusion

In light of the foregoing, the parties respectfully submit that the proposed settlement amount is fair and reasonable, and further, that the terms of the settlement agreement comport with the requirements under the FLSA and NYLL. The parties respectfully request that the Court approve the settlement.

We thank the Court for its time and consideration.

Respectfully submitted,

By: /s *Jacob Aronauer*
Jacob Aronauer

Attachments

cc: All Counsel (via ECF)